ALEXANDER KUGELMAN (SBN 255463)
alex@kugelmanlaw.com
Kugelman Law, P.C.
700 Larkspur Landing Cir., Suite 109
Larkspur, CA 94939
Telephone: (415) 548-1125
Facsimile: (415) 534-9441

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASSOCIATED SYSTEM APPLICATION PROFESSIONALS, INC.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:20-cv-7787<br><br>**PETITION TO QUASH SUMMONSES**<br><br>*RE*: **SIXTEEN (16) SUMMONSES ISSUED BY THE INTERNAL REVENUE SERVICE**<br><br>Hearing: To be Determined |

Petitioner Associated System Application Professionals, Inc. hereby petitions this Court, pursuant to 26 U.S.C. § 7609(b), for an order quashing each of the sixteen (16) third-party Summonses issued by the Internal Revenue Service, and in support thereof allege as follows:

**THE PARTIES**

1. Petitioner Associated System Application Professionals, Inc. ("ASAP" or "Petitioner") is a California corporation with its principal office located at 2301 S. El Camino Real, San Mateo, California 94403.

2. Respondent is the United States of America, which has acted through its agency, the Internal Revenue Service ("IRS"), which has offices throughout the Northern District of California, and more specifically with an Internal Revenue Service office located at 55 South Market Street, San Jose, California 95113.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction to hear this Petition pursuant to the provisions of 26 U.S.C. § 7609(h) and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the respondent is the United States and a substantial part of the events or omissions giving rise to the claim has or is to occur in Santa Clara County, California. Specifically, each Summons at issue was issued, served and calls for delivery of the requested documents to take place in San Jose, California which is in Santa Clara County. Furthermore, each of the summoned parties identified have a principal office or do business in the Northern District of California.

## BACKGROUND

5. ASAP was incorporated in the State of California on December 2, 1988. David A. Sturman ("Mr. Sturman") is ASAP's sole shareholder and President.

6. ASAP is taxed as an S corporation. ASAP timely filed a Form 1120S with the IRS for years 2017 and 2018.

7. In March 2020, the IRS commenced an audit of Mr. Sturman's joint 2017 individual income tax return (Form 1040). IRS Revenue Agent James F. Oertel ("Revenue Agent Oretel") is conducting the audit.

8. Revenue Agent Oertel sent a Form 4564 (Information Document Request), dated July 13, 2020, to ASAP. In the subject line of the Form 4564, Revenue Agent Oertel wrote: "Audit of 2017 and 2018 income tax returns."

9. The Form 4564 requests twenty-four (24) categories of documents, including the following:
> Any Forms 1120, 1120S and 1065, Federal Income Tax Returns, for related corporations and/or partnerships, along with the related Schedule K-1s.

10. ASAP has not received an initial contact letter or other notice from the IRS advising that ASAP's 2017 or 2018 income tax returns are under audit.

11. Revenue Agent Oertel did not otherwise contact ASAP to advise that ASAP's 2017 and 2018 income tax returns were being audited. Revenue Agent Oertel did not contact ASAP to schedule a conference.

12. ASAP has not received a letter from the IRS advising that the IRS would be contacting third parties with respect to ASAP's 2017 and 2018 tax returns or tax years.

-2-

13. On October 27, 2020, attorney Mindy S. Meigs spoke to Revenue Agent Oertel's supervisor, Nicholas Connors, who stated that the audit concerning Mr. Sturman was opened as a result of a referral from the IRS Collection Division.

14. ASAP and several other corporations owned by Mr. Sturman have unpaid Federal payroll liabilities (penalties and interest, not tax) for quarters in 2009, 2010 and 2011.

15. ASAP has no unpaid federal tax liabilities of any kind for years 2017 and 2018.

## THE SUMMONSES AND NOTICE

16. Revenue Agent Oertel issued a Summons (IRS Form 2039), dated October 15, 2020, to each of the twelve (12) parties identified below, requiring production of records on November 12, 2020. A copy of each Summons, as redacted, is attached as **Exhibit A**.

   First Data Merchant Services
   U.S. Bank National Association
   Summit Bank
   Umpqua Bank
   Westamerica Bank
   Poloniex
   Payward, Inc. dba Kraken
   Paxos Trust Company
   Gemini Trust Company, LLC
   Genesis Trading
   Coinbase, Inc.
   Circle Internet Financial, Inc.

17. Revenue Agent Oertel issued a Summons (IRS Form 2039), dated October 16, 2020, to each of the four (4) parties identified below, requiring production of records on November 13, 2020. A copy of each Summons, as redacted, is attached as **Exhibit B.**

   Bulbul Investments LLC
   Bittrex, Inc.
   PayPal Holdings, Inc.
   eBay, Inc.

18. Revenue Agent Oertel did not contact ASAP or Mr. Sturman prior to issuing the Summonses identified above.

//

19. The Summons issued to Bittrex, Inc., Bulbul Investments, LLC, Circle Internet Financial, Inc., Coinbase, Inc., Gemini Trust Company, LLC, Genesis Trading, Paxos Trust Company, Payward, Inc. dba Kraken, and Polinex ("cryptocurrency Summonses"), request documents for the following period:

> The following requests apply to the period or periods beginning with the inception of any Covered Account through December 31, 2018.

20. The Summons issued to First Data Merchant Services, U.S. Bank National Association, Summit Bank, Westamerica Bank, PayPal Holdings, Inc., and eBay, Inc. request "ALL documents" relating to "[ASAP],…, and all of their entities and businesses" for the period described as "tax years ended December 31, 2017 and December 31, 2018."  The cryptocurrency Summonses require production of all records related to the "taxpayer" which is defined as all "entities" over which ASAP "exercises and/or exercised control, including but not limited corporations, partnerships…."

21. Notice of the Summonses identified in paragraph 22, above, has not been given to any of the "entities and businesses."

## THE SUMMONSES SHOULD BE QUASHED

22. Congress has mandated that "[n]o taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless ... the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."  26 U.S.C. § 7605(b).

23. In *United States v. Powell*, 379 U.S. 48  (1964), the Supreme Court held that when a party petitions to quash an IRS summons, the IRS must make a prima facie showing that the summons was issued in good faith. *Id*. at 57–58.  Specifically, the IRS must establish that the summons (1) was issued pursuant to a "legitimate purpose"; (2) seeks information "relevant" to that purpose; (3) seeks information that is "not already within the Commissioner's possession"; and (4) satisfies all "administrative steps required by the Code. *Id*.

24. The taxpayer 'may challenge the summons on any appropriate grounds,' including failure to satisfy the Powell requirements or abuse of the court's process." *Id*. (quoting *Reisman*

*v. Caplin*, 375 U.S. 440, 449 (1964)). "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58.

25. The Summonses at issue in this Petition should be quashed because they (a) were issued in bad faith, (b) were not issued for a legitimate purpose, (c) the records sought are not relevant, and (d) the IRS did not comply with all administrative procedures before issuing the Summonses:

### a. **The Summonses Were Issued in Bad Faith**

The Summonses were issued for the purpose of retaliating against and harassing Petitioner and its shareholder.

More than 40 years ago, the Supreme Court stated that the duty of the District Court with respect to an IRS summons was "to see that a legitimate investigation was being conducted and that the summons was no broader than necessary to achieve its purpose." *United States v. Bisceglia*, 420 U.S. 141, 146 (1975). The Supreme Court expounded on the District Court's role by stating, "[o]nce a summons is challenged it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose and is not meant 'to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.'" *Id.* at 151 (citing *Powell*, 379 U.S. at 58).

An enforcement proceeding is not a judicial "rubberstamp" of an IRS summons. Rather, the District Court must conduct its own independent review of the evidence to ensure that the IRS is not overreaching, engaging in harassment, acting in bad faith, or otherwise attempting to abuse the summons power or the process of the court. *See Powell*, 379 U.S. at 58. Courts "recognize that the authority vested in tax collectors may be abused, as all power is subject to abuse." *United States v. Bisceglia*, 420 U.S. 141, 146 (1975). Thus, the IRS may not issue a summons "to conduct 'fishing expeditions' into the private affairs of taxpayers." *Id.* at 150-51.

The Summonses here have been issued under the guise of an audit that does not exist. The IRS did not put the taxpayer on notice of the audit or of its intention to contact third parties. This is improper and shows bad faith, especially where, as here, there are indications that the IRS is retaliating against Petitioner and/or harassing Petitioner for failing to pay penalties and interest related to payroll taxes.  Further, the IRS has no evidence that Petitioner utilizes or is involved with cryptocurrency, yet the IRS issued a Summons to nine cryptocurrency exchanges.  Because there is no evidence to support even a suspicion of a violation of the Internal Revenue Code, these Summonses were issued on the mere hope of finding something nefarious.  This is the definition of a fishing expedition and it should be stopped.

### b.  The Summonses Were Not Issued for a Legitimate Purpose

Pursuant to 26 U.S.C. § 7602, the IRS may issue a Summons for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or ... collecting any such liability." 26 U.S.C. § 7602(a).  ASAP timely filed its 2017 and 2018 income tax returns, there is no pending audit of those returns, and ASAP has no outstanding tax liabilities for 2017 and 2018.  Therefore, the Summonses here were not issued for a legitimate purpose because none of the purposes listed in 26 U.S.C. § 7602(a) are present in this case.

### c.  Records Sought are Not Relevant to a Legitimate Purpose

Even if this Court finds that the Summonses were issued to determine ASAP's income tax liability for 2017 and 2018, the Summonses seek information that is not relevant to this purpose because (i) they seek records for unspecified periods prior to 2018, (ii) seek records of other taxpayers, and (iii) the records sought are not described with reasonable certainty as required by 26 U.S.C. § 7603(a).

The nine Summonses issued to cryptocurrency exchanges, including Coinbase, Inc. and Bittrex, Inc., seek account records from the inception of the covered account(s) through December 31, 2018.  Therefore, the cryptocurrency Summonses are overbroad with respect to time.

All of the Summonses are vague and overbroad in that they seek records related to

parties other than ASAP. The Summonses seek "ALL documents" regardless of the nature, type and relevance to an audit. The Summonses seek records for a period identified as "tax years ended December 31, 2017 and December 31, 2018." Tax year is not defined in the Summonses. A tax year is not necessarily the same as a calendar year. Moreover, the Summonses seek records related to "all of their entities and businesses" or all entities ASAP might control which are not identified by name and could erroneously result in the summoned third-parties producing records related to other corporations owned by Mr. Sturman or records concerning taxpayers that ASAP has a controlling interest in.

Because the time periods are overbroad, and the records sought are not described with reasonable certainty or relate to other taxpayers, the Summonses seek records that are not relevant.

### d. IRS Failed to Comply with Internal Revenue Code Procedures

The IRS failed to comply with the Internal Revenue Code in issuing and serving the Summonses at issue. Specifically, the IRS did not (i) give ASAP notice of third-party contacts prior to issuing the Summonses as required by 26 U.S.C. § 7602(c)(1), and (ii) give notice of the Summonses as required by 26 U.S.C. § 7609(a)(1).

Pursuant to 26 U.S.C. § 7602(c)(1), which was significantly modified by section 1206 of the Taxpayer First Act of 2019, the IRS is required, subject to exceptions not relevant here, to provide taxpayers with notice in advance of third-party contacts. Notice must be given at least 45 days before the third-party contact and is valid for one year. 26 U.S.C. § 7602(c)(1). Service of a Summons constitutes contact with a third-party. *See* 26 C.F.R. § 7602-2(e)(4), Example 4. Since Revenue Agent Oertel did not send ASAP a notice advising he would be contacting third parties before he served the Summonses at issue, the Summonses must be quashed.

Pursuant to 26 U.S.C. § 7609(a)(1), notice of a third-party Summons is required to be given to the persons identified in the summons (other than the summoned person) by certified or registered mail within three (3) days after the summons is served, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

IRS has not properly served ASAP and the "entities" and "businesses" referenced in Summonses with notice of the Summons within the time period set forth in 26 U.S.C. § 7609(a)(1).

### REQUEST FOR EVIDENTIARY HEARING AND DISCOVERY

26.  A party who alleges facts from which an improper purpose for issuance of a summons can be inferred is entitled to an evidentiary hearing and an opportunity to question the party that issued the summons.  *United States v. Clarke*, 573 U.S. 248 (2014).  Because an improper purpose can be inferred from the facts alleged in paragraphs 1 through 25(a)-(d)., above, Petitioner is entitled to an evidentiary hearing in this case.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner Associated System Application Professionals, Inc. prays as follows:

a)  That this Court quash the Summonses identified in paragraphs 18 and 19, above;

b)  That this Court grant Petitioner costs plus such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  November 4, 2020        By:  */s/Alexander Kugelman*
                                Alexander Kugelman (SBN 255463)
                                KUGELMAN LAW, P.C.
                                700 Larkspur Landing Cir., Suite 109
                                Larkspur, CA 94939
                                Telephone: (415) 548-1125
                                Facsimile: (415) 534-9441
                                Email: alex@kugelmanlaw.com

                                Attorney for Associated System
                                Application Professionals, Inc.